UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW COX, | ) | CASE NO. 4:15cv1756 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Andrew Cox filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He is currently incarcerated in the Elkton Correctional Institution, having been convicted in the District of New Jersey of distribution of child pornography. *See United States v. Cox*, No. 12-3907, 553 Fed. Appx 123 (3d Cir. Jan. 13, 2014). In his petition, Cox challenges his conviction claiming the trial court refused to correct a fraudulent docket entry post-dating his arrest from December 2, 2010 to January 5, 2011. He states that the "United States already conceded I am actually innocent and I was per se maliciously prosecuted via the fraudulent manipulation of my district court docket... ." (Doc. No. 1 at 7).

**I.    Background**

The District Court in New Jersey explained the facts underlying Cox's petition in this case:

> On December 1, 2010, a criminal complaint was filed in the District Court of New Jersey, charging Defendant Andrew Cox with one count of knowingly distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) on or about

October 4, 2010, and incorrectly stating that the [cooperating witness] 'CW' allegedly received a package from Defendant at a New Jersey rather than a Pennsylvania address. An arrest warrant was also filed on December 1, 2010, in the District of New Jersey, and Defendant was arrested on December 2, 2010 in Columbus, Ohio. Defendant appeared before Magistrate Judge Preston Deavers of the United States Court for the Southern District of Ohio on December 3, 2010, where he waived his rights to an identity hearing and a preliminary hearing. Pursuant to the Government's motion to detain Defendant pending transfer to the District of New Jersey, and upon hearing argument from counsel, Magistrate Judge Deavers ordered Defendant detained pending said transfer. Gordon Hobson, Esq., the Assistant Federal Public Defender in Ohio, was appointed for the purposes of representing Defendant at his initial appearance, and on or about December 7, 2010,

* * *

Between December 16, 2010 and January 4, 2011, Defendant was moved through six distinct facilities before being brought before the District of New Jersey on January 4, 2011. Specifically, he was moved from the Butler County Jail in Ohio through Cincinnati, Ohio and Blue Grass, Indiana to arrive at the Federal Transfer Center in Oklahoma City, Oklahoma on December 16, 2010. He was moved from Oklahoma City to Harrisburg, Pennsylvania, and from Harrisburg to Philadelphia, Pennsylvania on December 20, 2010. On December 21, 2010, Defendant was transferred from Philadelphia to Brooklyn, New York, where he remained until his appearance on January 5, 2010 before the District of New Jersey

Dennis Maitland, the father of Defendant's fiancé ... called the office of United States Magistrate Judge Patty Schwartz four times between December 20, 2010 and December 22, 2010 to bring Defendant's case to the Magistrate's attention. Mr. Maitland further indicates that on December 20, 2010, he spoke with a member of Magistrate Judge Schwartz's staff, and informed her that Defendant was in fact in Philadelphia and asked if he was scheduled on the docket. The staff member allegedly responded that Defendant was not on the docket as of that point and requested that Mr. Maitland call back after 11:00am the next day. On December 21, 2010, Mr. Maitland asserts that thereafter he called after 11:00am and spoke with Magistrate Judge Schwartz's judicial assistant. The assistant stated that she did not know if Defendant was on the docket, and would have another staff member return his call. The staff member returned Mr. Maitland's call later that day, and Mr. Maitland informed her that Defendant was then in Brooklyn. Mr. Maitland claims that he confirmed with her that Defendant was near Newark, and asked if Defendant was on the docket, but was informed that he was not. On December 22, 2010, Mr. Maitland called a member of Magistrate Judge Schwartz's staff and asked again if Defendant was on the docket, and was again informed that he was not. Mr. Maitland asked the staff member whether the

court would be in session on December 23 and 24 before Christmas, and she confirmed that the court would be in session on those days.

On or about December 23, 2010, the Government contacted the United States Marshal Service ("USMS") in the District of New Jersey, and were advised that: (1) the Defendant had not arrived in the District of New Jersey; and (2) Defendant's transfer was not scheduled until the next airlift for the District of New Jersey after the first of the year. On the same day, Assistant U.S. Attorney Jane Yoon telephoned Gordon Hobson, Esq. to notify him of the status of Defendant's transfer and to seek Defendant's counsel's consent for a continuance due to transportation problems. Mr. Hobson informed her that while he represented Defendant at his initial appearance in Ohio, he no longer represented him. In a Telephone Conference held by this Court on October 6, 2011, Mr. Hobson indicated to this Court that, during the same conversation with U.S. Attorney Yoon, he refused to consent to a waiver of the thirty-day clock between arrest and indictment to which Defendant was entitled under the Speedy Trial Act. In that Telephone Conference, Mr. Hobson also stated that while he notified the U.S. Attorney that he no longer represented the Defendant, he did not recall whether or not he remained attorney of record as of the date of the U.S. Attorney's call. Thereafter, the Government submitted a request to Magistrate Judge Schwartz for a thirty-day continuance, providing a courtesy copy to Mr. Hobson. On December 23, 2010, Magistrate Judge Schwartz granted a continuance pursuant to 18 U.S.C. § 3161(h)(7) in the interests of justice, based on the Government's representations to Judge Schwartz that the 'defendant has not yet been transferred to the District of New Jersey and [that] the U.S. Marshals [had] advised that the defendant [could not] be transported by air to this district until the week of January 3, 2011 at the earliest,' and that 'the Government contacted Mr. Hobson, who advised that he no longer represented Cox.' (Id.). The Continuance Order notes that 'defendant has not yet appeared in this district, no counsel has been appointed to represent the defendant, and no counsel has informed the Government or this Court that they have been retained to represent the defendant in connection with these proceedings.' The continuance therefore ordered the exclusion of the period from December 23, 2010 through January 22, 2011 for the purposes of computing time under the Speedy Trial Act.

On December 30, 2010, the Government filed a Superseding Criminal Complaint, charging Defendant with knowingly distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and 18 U.S.C. § 2 from in or around April 2010 through in or around October 2010. The supporting affidavit to the complaint lists distributions on May 10, 2010, based on the CW's receipt of an e-mail from "armyltcox@yahoo.com" indicating that DVDs requested from the CW would be shipped on the same date, and providing the United States Postal Service 20–digit tracking number associated with the shipment. The supporting affidavit also detailed circumstances surrounding a later alleged distribution on September 29,

> 2010 received by the CW on October 4, 2010, and incorrectly listed the address of the CW's receipt of a package alleged to be from Defendant as a New Jersey rather than a Pennsylvania address.
>
> On January 3, 2011, the Government contacted the USMS and was advised that Defendant was in the Metropolitan Detention Center in Brooklyn, and would be brought before the District of New Jersey on January 5, 2011. Defendant was arrested on January 5, 2011 on the single count charged in the Government's Superseding Complaint, and he made his initial appearance at the District of New Jersey before Magistrate Judge Schwartz. Defendant was appointed Assistant Federal Public Defender K. Anthony Thomas as his counsel, and on January 7, 2011, pursuant to a detention hearing, Defendant was ordered released into the custody of Dennis Maitland, pursuant to certain conditions of release. This release occurred thirty-six (36) days after his December 2, 2010 arrest.
>
> On February 9, 2011, a Grand Jury returned an Indictment charging Defendant with one count of knowingly distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) on or about May 10, 2010. The Indictment did not charge Defendant with the distribution that was the subject matter of the original complaint for which he was arrested on December 2, 2010 pertaining to the October 4, 2010 distribution.

*United States v. Cox*, No. CRIM.A. 11-99 JLL, 2011 WL 5023499, at *1-4 (D.N.J. Oct. 19, 2011). Cox filed a motion to dismiss, asserting that, since he was indicted more than thirty days after his arrest of December 2, 2011, all six counts of the superseding indictment must be dismissed pursuant to the Speedy Trial Act. The trial court granted the motion with respect to count one of the indictment, but denied the motion for the remaining counts.

Thereafter, Cox pleaded guilty to six counts of distribution of child pornography. He attempted to withdraw his guilty plea but the court denied his motion. He appealed that decision to the United States Third Circuit Court of Appeals but they affirmed the District Court's decision.

Cox has now filed this Petition for a Writ of Habeas Corpus under 28

4

U.S.C. § 2241 He asserts that the trial court refused to correct the docket entry indicating he was arrested on January 5, 2011, rather than using the December 2, 2010 arrest date to compare with all of his indictments. He asks this Court to vacate all six counts of his conviction and order his immediate release from prison.

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because petitioner is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## III. Analysis

As a general matter, 28 U.S.C. § 2255 and 28 U.S.C. § 2241 provide the statutory scheme for federal prisoners to obtain habeas relief. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence, while § 2241 "is appropriate for

5

claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Therefore, claims asserted by federal prisoners seeking to challenge their sentences must be filed in the sentencing court pursuant to 28 U.S.C. § 2255. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

There is a "savings clause" in § 2255(e), which provides a narrow exception to the statutory scheme and allows a federal prisoner to challenge his conviction or sentence under § 2241 if § 2255 "is inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447. Section 2255 relief is not inadequate or ineffective, however, merely because § 2255 relief has been denied, Petitioner is procedurally barred from pursuing § 2255 relief, or Petitioner has been denied permission to file a second or successive § 2255 motion. *Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004). Rather, the Sixth Circuit has held the savings clause applies to allow a § 2241 petition only in the narrow circumstance where a petitioner demonstrates "actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255." *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012). Actual innocence means "factual innocence"; the petitioner must demonstrate "it is more likely than not that no reasonable juror would have convicted him." *Barnes*, 102 F. App'x at 443.

Although Cox refers to "actual innocence" in his petition, he challenges only the New Jersey District Court's decision to evaluate his some of speedy trial claims with respect to his January 5, 2011 arrest date, rather than evaluating all of his claims with respect to his December 2, 2010 arrest. This claim directly attacks the validity of his conviction, not the manner in which his sentence is being carried out. It therefore cannot be brought in a § 2241

6

petition, unless the savings clause of § 2255 applies. Cox's claim is not based on a new rule of law announced the Supreme Court of the United States making it no longer a crime to distribute child pornography, so the savings clause does not apply. Cox cannot bring this claim in a § 2241 petition.

### IV.    Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 23, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**